# COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| **SUFFOLK, SS.** | **SUPERIOR COURT** |

|  |  |
|---|---|
| YAKAIRA GUERRERO, ARABELLY DIAZ, and YOHANNA SANTOS, </br></br>Plaintiffs, </br></br>v. </br></br>100 PERCENT DELICIAS FOOD CORPORATION, d/b/a 100% DELICIAS RESTAURANT, CARLOS J. MARTE, d/b/a 100% DELICIAS RESTAURANT, CIVELIS MARTE DE LOS SANTOS, d/b/a 100% DELICIAS RESTAURANT, and DERRICK CRESPO, d/b/a/ 100% DELICIAS RESTAURANT, </br></br>Defendants. | Docket No.: 21-1709C </br></br>**PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND** </br></br>E FILED 12/8/21 HD |

## INTRODUCTION

1. Yakaira Guerrero ("Ms. Guerrero"), Arabelly Diaz ("Ms. Diaz"), and Yohanna Santos ("Ms. Santos") (collectively "Plaintiffs") bring this action against 100 Percent Delicias Food Corporation, d/b/a 100% Delicias Restaurant, ("100% Delicias"), Civelis Marte De Los Santos, d/b/a 100% Delicias Restaurant ("Santos"), Derrick Crespo, d/b/a 100% Delicias Restaurant ("Crespo"), and Carlos J. Marte, d/b/a 100% Delicias Restaurant ("Marte") in their capacity as owners and managers of 100% Delicias (collectively, "Defendants").

2. Plaintiff Guerrero was employed by the Defendants from 2018 to 2019 but was not paid the minimum wage or tipped employee minimum wage, overtime pay, and timely wages by the

1

Defendants for her work. Plaintiff Diaz was employed by the Defendants from September 2018 to May 2019 and was not paid the minimum wage, overtime pay, and timely wages for her work. Plaintiff Santos worked for the Defendants from 2016 to 2020 and was not paid the minimum wage or tipped employee minimum wage, overtime pay, and timely wages for her work.

3. This action is brought against Defendants for failure to pay Plaintiffs overtime wages in violation of 29 U.S.C. § 207(a), for failure to pay timely wages in violation of G.L. c. 149 §148, and for nonpayment of the minimum wage in violation of G.L. c. 149 § 148 and G.L. c. 151, §§ 1, 7.

## JURISDICTION AND VENUE

4. Plaintiff Guerrero claims damages in an amount of $8,743.70, Plaintiff Diaz claims damages in an amount of $14,610.00, and Plaintiff Santos claims damages in an amount of $58,083.90, without doubling or tripling. Jurisdiction in the Suffolk Superior Court is proper pursuant to G.L. c. 212 § 4 and G.L. c. 218 § 19.

5. Defendant 100 Percent Delicias Food Corporation's principal place of business is 635 Hyde Park Drive, Boston, Massachusetts 02131. Venue in this Court is proper pursuant to G.L. c. 223, § 1.

6. Plaintiff Ms. Guerrero filed an administrative complaint against Defendants with the Massachusetts Attorney General on February 21, 2020. She is entitled to pursue a private action against the Defendants.

7. Plaintiff Diaz is similarly situated to Ms. Guerrero, and is thus entitled to pursue a private action against the Defendants.

8. Plaintiff Santos filed a complaint with the Massachusetts Attorney General on March 19th, 2020. She is entitled to pursue a private action against the Defendants.

## PARTIES

9. Plaintiff Yakaira Guerrero is an adult resident of the Commonwealth who resides at 36 Prospect Street, Everett, MA 02149. She is a former employee of the Defendants.

10. Plaintiff Arabelly Diaz is an adult resident of the Commonwealth who resides at 253 Highland Street, Boston, MA 02119. She is a former employee of the Defendants.

11. Plaintiff Yohanna Santos is an adult resident of the Commonwealth who resides at 253 Highland Street, Boston, MA 02119. She is a former employee of the Defendants.

12. Defendant 100 Percent Delicias Food Corporation, d/b/a 100% Delicias Restaurant is an entity that does business in Massachusetts. Under information and belief, it operated 100% Delicias Restaurant until that business closed in 2020. It is registered with the Secretary of the Commonwealth, Corporations Division, as 100 Percent Delicias Food Corporation. Its principal place of business was 635 Hyde Park Drive, Boston, Massachusetts 02131. Its registered agent is Copley Tax Executive Group, Inc. located at 4291 Washington St., Roslindale, MA 02131.

13. Defendant Civelis Marte de los Santos is an adult resident of the Commonwealth who is listed as the President, Treasurer, Secretary, and Director of 100 Percent Delicias Food Corporation on the Secretary of the Commonwealth's business database. Upon information and belief, Defendant Santos was an owner and manager of 100% Delicias Restaurant, and resides at 130 Brookway Road, Apt 426, Roslindale, MA 02131, 165 West Selden, Mattapan, MA 02126, or 635 Hyde Park Drive, Boston, Massachusetts 02131.

14. Defendant Derrick Crespo is an adult resident of Florida. Upon information and belief, Defendant Crespo managed 100% Delicias, and resides at 2595 Taluga Dr., Miami, FL 33133. Defendant Crespo currently operates two restaurants in the Commonwealth: 100 Percent Delicias Express Corp., 660A Centre St., Jamaica Plain, Massachusetts 02130 and Delicias Restaurant & Catering Corp., 1333 Boston Road, Springfield, Massachusetts 01119 and is an Officer and Director of several other Massachusetts corporations.

15. Defendant Carlos J. Marte is an adult resident of the Commonwealth. Upon information and belief, Defendant Marte was an owner and manager of 100% Delicias Restaurant, and resides at 130 Brookway Road, Apt 426, Roslindale, MA 02131, 165 West Selden, Mattapan, MA 02126, or 635 Hyde Park Drive, Boston, Massachusetts 02131.

## STATEMENT OF FACTS
## YAKAIRRA GUERRERO

16. Ms. Guerrero worked for 100% Delicias under the supervision of Defendants, from approximately July 21st, 2018 until July 28th, 2019.

17. As an employee of 100% Delicias, Ms. Guerrero was a server with a promised wage of $20 in cash per day plus tips.

18. Upon information and belief, Ms. Guerrero handled food and materials that moved through interstate commerce.

19. Ms. Guerrero's normal schedule was from 8:00am to 4:00pm, six days per week, working on average 48 hours per week for the Defendants.

20. Ms. Guerrero was paid normally the first six weeks of her employment, but afterwards Defendant Santos began to steal her wages, withholding both the $20 and the tips from credit cards. This went on until Ms. Guerrero quit her job with Defendants in July 2019

21. Ms. Guerrero went to the Attorney General's office to file a complaint, and an investigation conducted by Kevin Shanahan completed on November 12th, 2020 determined that she was owed $8,743.00 in restitution.

22. Defendants never paid Ms. Guerrero the Massachusetts tipped minimum wage of $3.75 per hour in 2018 and $4.35 per hour in 2019.

23. Additionally, Ms. Guerrero's wages with tips was insufficient to meet the required Massachusetts minimum wage.

24. Defendants never paid Ms. Guerrero a time-and-a-half overtime premium of the minimum wage, despite Ms. Guerrero working over 40 hours, entitling her to the premium, each and every week that she worked for Defendants.

25. Ms. Guerrero was not aware that she had a right to overtime pay.

26. Defendants never informed Ms. Guerrero that she was entitled to overtime pay.

27. Defendants never posted a labor law poster explaining employees' rights on the job in the workplace.

28. Defendants knowingly and recklessly refused to pay Ms. Guerrero her overtime wages.

### ARABELLY DIAZ

29. Ms. Diaz worked for 100% Delicias under the supervision of Defendants, from approximately September 2018 until May 2019, around 34 weeks total.

30. As an employee of 100% Delicias Restaurant, LLC, Ms. Diaz was a cook with a promised wage of $400.00 per week.

31. As an employee of 100% Delicias Restaurant, LLC, Ms. Diaz prepared food. Upon information and belief, Ms. Diaz handled food and materials that moved through interstate commerce.

32. Ms. Diaz worked 9 to 11 hours per day for six days a week, with an average workweek being 60 hours per week.

33. For the last three weeks of her employment, the Defendants did not pay Ms. Diaz anything. Ms. Diaz then quit, and asked for her unpaid wage. Defendants eventually paid Ms. Diaz $500, in spite of the fact that for three weeks work Ms. Diaz was owed at least $1,200.

34. Ms. Diaz was consistently paid below the Massachusetts minimum wage of $11 per hour in 2018 and $12.00 per hour in 2019.

35. Defendants never paid Ms. Diaz a time-and-a-half overtime premium of the minimum wage, despite Ms. Diaz working over 40 hours, entitling her to the premium, each and every week that she worked for Defendants.

36. Ms. Diaz was paid $12,900 by the Defendants from September 2018 to May 2019 at a rate of $400 per week for 34 weeks; however, in 2018 Ms. Diaz was owed $6,600 in regular wages for 15 weeks, 40 hours of work at $11/hour, and $4,950 in overtime wages at $16.50/hour for 300 hours overtime (15 weeks). In 2019, Ms. Diaz was owed $9,120 in regular wage for 40 hours weekly, $12/hour and 19 weeks worked, and $6,840 for 20 hours of overtime at $18/hour, 20 hours of overtime weekly.

37. The difference between what Ms. Diaz was owed and what she was paid is $14,610.00

38. Ms. Diaz was not aware that she had a right to overtime pay.

39. Defendants never informed Ms. Diaz that she was entitled to overtime pay.

40. Defendants never posted a labor law poster explaining employees' rights on the job in the

workplace.

### YOHANNA SANTOS

41. Ms. Santos worked for 100% Delicias under the supervision of Defendants, from approximately February 13th, 2016 until January 17th, 2020.

42. As an employee of 100% Delicias, Ms. Santos was a server with a promised wage of $20 in cash per day plus tips.

43. Upon information and belief, Ms. Santos handled food and materials that moved through interstate commerce.

44. Ms. Santos normal schedule was from 8:00am to 12:30pm, Monday through Friday; however, some days she worked from 8:00am to 4:00pm. On weekends, she occasionally worked from 11:00am to midnight, Saturday and Sunday. On average, Ms. Santos worked 52 hours per week.

45. Ms. Santos was paid $20.00 per day plus tips for the first two years of her employment, but afterwards Defendant Santos began to steal her wages, withholding both the $20 per diem and the tips from credit cards. This wage theft began in February 2018 until Ms. Santos quit her job with Defendants in January 2020.

46. Defendants never paid Ms. Santos the Massachusetts tipped minimum wage of $3.35 per hour in 2016, $3.75 per hour in 2017 and 2018, $4.35 per hour in 2019, and $4.95 per hour in 2020

47. Defendants never paid Ms. Santos the Massachusetts minimum wage of $10.00 per hour in 2016, $11.00 per hour in 2017 and 2018, $12.00 per hour in 2019, and $12.75 per hour in 2020.

48. Ms. Santos was owed in 2020: 2.5 weeks work, 40 hours per week at $12.75 per hour ($1,275.00) plus 24 total hours overtime ($19.13/hour, 12 hours per week, 2.5 weeks) equaling $573.90. In 2019, Ms. Santos was owed 52 weeks, 40 hours work paid at $12.00 per hour ($24,960.00) and 12 hours overtime paid at $18.00 per hour ($11,232). In 2018, Ms. Santos was owed: 23 weeks of 40 hours paid at $11 per hour ($10,120) and 23 weeks of 12 hours paid at $16.50 per hour ($4,554).

49. In 2016 and 2017, Ms. Santos was paid an average hourly wage of $2.50 ($20 per 8 hours work) before tips. This was below the tipped worker minimum wage of $3.35 per hour in 2016 and $3.75 per hour in 2017. Ms. Santos is owed for 2016: $.85 (difference between per diem and 2016 tipped worker minimum wage) for 52 hours per week for 45 weeks in 2016 ($1,989.00) and $1.25 (tipped minimum wage underpayment) for 52 hours for 52 weeks in 2017 ($3,380).

50. Ms. Santos' total underpayment for 2016 and 2017 was $5,369.00

51. In total, Ms. Santos' owed wages are $58,083.90.

52. Ms. Santos was not aware that she had a right to overtime pay

53. Defendants never informed Ms. Santos that she was entitled to overtime pay

54. Defendants never posted a labor law poster explaining employees' rights on the job in the workplace.

55. Defendants knowingly and recklessly refused to pay Ms. Santos her overtime wages.

56. Ms. Santos was not aware that she was being paid below the minimum wage.

57. Defendants never informed Ms. Santos that she was entitled to be paid the Massachusetts minimum wage

58. Defendants knowingly and recklessly refused to pay Ms. Santos the Massachusetts minimum wage.

### COUNT ONE: FAILURE TO PAY THE MASSACHUSETTS MINIMUM WAGE

59. Plaintiffs repeat and incorporate herein all allegations contained in paragraphs 1-57.

60. Defendants violated G.L. c. 151, § 1, by repeatedly failing to pay Ms. Guerrero the Massachusetts minimum wage in effect during the time period covering her employment: $11.00 per hour in 2018, and $12.00 per hour in 2019

61. Defendants violated G.L. c. 151, §7, by repeatedly failing to pay Ms. Guerrero the Massachusetts tipped worker minimum wage in effect during the time period covering her employment: $3.75 per hour in 2018, and $4.35 per hour in 2019.

62. Defendants violated G.L. c. 151, § 1, by repeatedly failing to pay Ms. Diaz the Massachusetts minimum wage in effect during the time period covering her employment: $11.00 per hour in 2018, and $12.00 per hour in 2019

63. Defendants violated G.L. c. 151, § 1, by repeatedly failing to pay Ms. Santos the Massachusetts minimum wage in effect during the time period covering her employment: $10.00 per hour in 2016, $11.00 per hour in 2017 and 2018, $12.00 per hour in 2019, and $12.75 per hour in 2020.

64. Defendants violated G.L. c. 151, § 7, by repeatedly failing to pay Ms. Santos the Massachusetts tipped worker minimum wage in effect during the time period covering her employment: $3.35 per hour in 2016, $3.75 per hour in 2017 and 2018, and $4.35 per hour in 2019.

65. As a result of Defendants' violations of the Massachusetts Minimum Wage Law, Plaintiffs have incurred harm and loss in an amount to be determined at trial.

66. Pursuant to G.L. c. 149, § 150, Defendants' are liable to Plaintiffs for three times the full amount of their underpayment, in an amount to be determined at trial, plus cost and attorneys' fees.

## COUNT TWO: VIOLATIONS OF MASSACHUSETTS TIMELY PAYMENT OF WAGES ACT

67. Plaintiffs repeat and incorporate herein all allegations contained in paragraphs 1-57.

68. Pursuant to G.L. c. 149, § 148, an employer must pay wages within six days of the period during which the wages are earned, and an employee who quits his or her employment must be paid all wages owed in full on the next regular pay day.

69. Throughout the course of Plaintiffs' employment, Defendants have failed to pay Plaintiffs all their owed wages in a timely manner.

70. Defendant's violations of G.L. c. 149 § 148 were repeated and in reckless indifference to Plaintiff's rights.

71. Plaintiffs have been damaged by these violations of G.L. c. 149, § 148.

72. Pursuant to G.L. c. 149, § 150, Defendants are liable to Plaintiffs for three times the full amount of their underpayment, in an amount to be determined at trial, plus cost and attorneys' fees.

## COUNT THREE: FAILURE TO PAY OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

73. Plaintiffs repeat and incorporate herein all allegations contained in paragraphs 1-57.

74. Defendants violated 29 U.S.C. § 207(a) by failing to pay Ms. Guerrero, Ms. Diaz, and Ms. Santos overtime compensation at one-and-a-half times their respective regular hourly rates for their hours worked in excess of 40 hours per week.

75. Defendants are liable for Ms. Guerrero, Ms. Diaz, and Ms. Santos's loss of wages under 29 U.S.C. § 216.

76. Defendant's violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional violations of the Fair Labor Standards Act (29 U.S.C. § 207), and were not made in good faith. Pursuant to the doctrine of equitable tolling, Defendants are liable beyond the statute of limitations provided by FLSA for failing to inform Plaintiffs of their right to overtime pay.

77. Plaintiffs have been damaged by these violations of 29 U.S.C. § 207(a).

78. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiffs for the full amount of their unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount with liquidated damages, costs of litigation, and reasonable attorney's fees incurred by Ms. Guerrero, Ms. Diaz, and Ms. Santos in bringing this action.

## JURY DEMAND

79. Plaintiff's request a trial by jury on all their claims.

## REQUEST FOR RELIEF

80. As to Count One, award Plaintiff Guerrero $ 26,229.60 ($8,743.70 trebled), Plaintiff Diaz $8,460.00 ($2,820.00 trebled) and Plaintiff Santos $125,172.00 ($41,724.00 trebled) for Defendants' failure to pay the Massachusetts minimum wage pursuant to G.L. c. 151, §§ 1, 7, as well as the costs of this action along with reasonable attorneys' fees pursuant to G.L. c. 149 § 150.

81. As to Count Two, award Plaintiff Guerrero $ 26,229.60 ($8,743.70 trebled) Plaintiff Diaz $43,830.00 ($14,610.00 trebled) and Plaintiff Santos $174,251.70 ($58,083.90 trebled) for Defendant's failure to timely pay wages pursuant to G.L. c. 149 § 148 as well as the costs of this action along with reasonable attorneys' fees pursuant to G.L. c. 149 § 150

82. As to Count Three, award Plaintiff Guerrero $ 17,486.40 ($8,743.70 doubled), award Plaintiff Diaz $23,580.00 ($11,790.00 doubled), and award Plaintiff Santos $ 32,719.80 ($16,359.90 doubled) for Defendants' failure to pay one and a half times at least the minimum wage pursuant to 29 U.S.C. § 207(a) as well as the costs of this action along with reasonable attorneys' fees pursuant to 29 U.S.C. § 216.

83. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,
Yakairra Guerrero
Arabelly Diaz
Yohanna Santos
by their attorneys,


/s/ *Patricio Rossi*
Patricio Rossi
BBO #658885
Harvard Legal Aid Bureau
23 Everett Street, First Floor
Cambridge, MA 02138
(617) 495-4408 (phone)
(617) 496-2687 (fax)

/s/ *Juan Palacio Moreno*
S.J.C. Rule 303
Harvard Legal Aid Bureau
23 Everett Street, First Floor
Cambridge, MA 02138
(484) 866-0762
jpalaciomoreno.jd22@hlsclinics.org

Dated: December 8, 2021



**HARVARD LEGAL AID BUREAU**
23 Everett Street, First Floor
Cambridge, Massachusetts 02138-2702

(617) 495-4408                                                                                                          (617) 496-2687

December 8, 2021

*Via E-filing*
Civil Clerk's Office
Suffolk Superior Court

   **Re:**   Guerrero et al. v. Delicias Corporation, et al. – 21-CV-1709C

To Whom It May Concern:

   Pursuant to this Court's order mailed on December 3, 2021, enclosed for filing please find Plaintiff's Second Amended Complaint.

   Sincerely,

   __/s/ *Juan Palacio Moreno*_____
   Juan Palacio Moreno
   SJC Rule 3:03 Counsel
   jpalaciomoreno.jd22@hlsclinics.org
   (484) 866-0762

   On behalf of Plaintiffs
   Attachments: Second Amended Complaint