UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YAKAIRA GUERRERO, <br><br>ARABELLY DIAZ, and <br><br>YOHANNA SANTOS, <br><br>      Plaintiffs, <br><br>      v. <br><br>CIVELIS MARTE DE LOS SANTOS, <br>d/b/a 100% DELICIAS RESTAURANT; <br><br>DERRICK CRESPO, <br>d/b/a 100% DELICIAS RESTAURANT; and <br><br>100 PERCENT DELICIAS FOOD <br>CORPORATION, <br>d/b/a 100% DELICIAS RESTAURANT; <br><br>      Defendants. | Case No. 22-CV-10066-AK |

**MEMORANDUM AND ORDER ON DEFENDANT DERRICK CRESPO'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**A. KELLEY, D.J.**

      Currently pending before this Court is Defendant Derrick Crespo's Motion to Dismiss

[Dkt. 5] for failure to state a claim. For the reasons set forth below, the motion is **DENIED**.

**I.    BACKGROUND**

      Plaintiffs Yakaira Guerrero, Arabelly Diaz, and Yohanna Santos (collectively,

"Plaintiffs") bring this action stemming from alleged wage theft that took place when they were

1

employed by Defendant owners and managers of 100% Delicias Restaurant. [Dkt. 7 at 59]. Specifically, Plaintiffs allege that Defendants failed to pay them minimum wage as required by Mass. Gen. Laws ch. 151, §§ 1 and 7 (Count 1); violated Massachusetts law regarding timely payment of wages pursuant to Mass. Gen. Laws ch. 149, § 148 (Count 2); and failed to pay overtime wages as required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a) and 216, (Count 3). [Id. at 67–69]. Plaintiffs also allege that in addition to compensatory damages, their claims as to Counts 1 and 2 entitle them to treble damages pursuant to Mass. Gen. Laws ch. 149, § 150, while their claims as to Count 3 under the FLSA entitle them to liquidated damages, attorneys' fees, and costs. [Id.]

Plaintiffs filed their original complaint in Suffolk County Superior Court against Defendants 100% Delicias Food Corporation, d/b/a 100% Delicias Restaurant ("100% Delicias"); Carlos J. Marte, d/b/a 100% Delicias Restaurant ("Marte"); and Civelis Marte De Los Santos, d/b/a 100% Delicias Restaurant ("De Los Santos") on July 28, 2021. [See Dkt. 7 at 6]. They subsequently filed an amended complaint on September 24, 2021. [Id. at 21]. On October 18, 2021, Plaintiffs moved for an extension of time for service of process, noting difficulties locating and serving Defendants Marte and De Los Santos, as well as their intent to amend the complaint once more "to include their former manager and Civelis Marte De Los Santos's son," Defendant Derrick Crespo ("Crespo"). [Id. at 33–34]. The Superior Court allowed the motion [id. at 33], and on November 22, 2021, Plaintiffs moved for leave to file a second amended complaint [id. at 41], which the Superior Court also allowed [id.]. Plaintiffs filed their second

amended complaint [id. at 59–70] on December 8, 2021 [id. at 59], and it was thereafter properly served on all Defendants [see Dkt. 4].[1]

Following his addition as a named party, Defendant Derrick Crespo ("Crespo") timely removed the case to this Court on January 18, 2022. [Dkt. 1]. Crespo then filed a Motion to Dismiss [Dkt. 5] and accompanying memorandum of law [Dkt. 6] on February 10, 2022. Plaintiffs filed a brief opposing the motion [Dkt. 9] on February 22, 2022. Defendant Marte was subsequently voluntarily dismissed from the action. [See Dkt. 11]. However, despite what appears to have been proper service of Defendants De Los Santos and 100% Delicias, see supra n.1, neither party has filed any appearance or responsive pleading in this matter, and similarly

---

[1] The second amended complaint was properly served on Defendant Carlos Marte on January 6, 2022 [see Dkt. 4 at 1–3], and on Civelis Marte De Los Santos on January 10, 2022 [see Dkt. 4 at 7–9]. Defendant 100% Delicias was properly served with Plaintiffs' first amended complaint on October 1, 2021 [see Dkt. 7 at 39–40], and it was later also properly served with Plaintiffs' second amended complaint on January 13, 2022 [see Dkt. 18-1 at 4]. As such, all defendants had been properly joined and served before Defendant Derrick Crespo removed this action to federal court on January 18, 2022. The federal statute governing procedural requirements for removal requires that in such situations, "all defendants who have been properly joined and served must join in or consent to the removal of the action," which they must also generally do within 30 days. See 28 U.S.C. § 1446(b)(2). Here, because none of the non-removing defendants filed any express assent to removal, nor did the removing defendant Crespo make any statement attesting to the consent by all defendants to his notice of removal filed with this Court [see Dkt. 1], removal was not procedurally proper.

Nevertheless, such failure to obtain unanimous consent prior to removal is a procedural, rather than a jurisdictional, defect, and one which thus does not deprive this Court of jurisdiction. See Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009); Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 110 (1st Cir. 2014) (citing Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("one defendant's failure to consent to removal within 30 days, as required by § 1446(b)(2)(A) & (B), was not fatal to federal court adjudication")); Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012) (defendant's failure to object to procedural defect within 30-day period for removal amounted to waiver of objection); Ellenberg v. Spartan Motors Chasis, Inc., 519 F.3d 192, 198 (4th Cir. 2008) ("[s]ection 1447(c) effectively assigns to the parties the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum"). Because Plaintiffs here did not move for remand within the 30-day period, this Court properly retains jurisdiction despite the procedural defects in Defendant Crespo's notice of removal.

was not present or represented at the Court's April 27, 2022 hearing on Crespo's motion to dismiss.[2]

## II. DISCUSSION

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).

---

[2] Counsel for Crespo subsequently filed a letter [Dkt. 17] with the Court, purporting to provide documents that "unequivocally cleared Mr. Crespo of liability" [id. at 1]. Yet these papers hardly accomplish such an aim. For one thing, Crespo's potential liability to Plaintiffs in this action, which includes one federal claim, is a wholly separate inquiry from any findings by state government agencies such as the Office of the Attorney General ("AGO") or Department of Revenue ("DOR") (both of which are referenced in Crespo's letter [Dkt. 17]). Moreover, the emails attached to Crespo's letter [see Dkt. 17-1] fall far short of the type and strength of record necessary for a federal court to even consider affording it such extraordinary weight as Crespo seeks at this early stage in the litigation. Ultimately, the very existence of a dispute, not to mention a related pending lawsuit filed by Crespo against the AGO and DOR in Suffolk County Superior Court [see Dkt. 17 at 1], only demonstrate further the need for discovery in this case and the inappropriateness of dismissal at this stage.

It is plain to this Court that Plaintiffs' second amended complaint [Dkt. 7 at 59–70] meets this standard.  Regardless of Crespo's assertions regarding his precise managerial role or status at the restaurant where Plaintiffs worked [see Dkt. 6 at 6–7], this is precisely the sort of question the answer to which is to be borne out in discovery—and certainly not one the Court can answer at this stage.  Crespo's reliance on the fact that his individual "name" does not appear in the operative complaint except early on, and later only in conjunction with others "as a group" [see Dkt. 6 at 2–3 ], does nothing to overcome what Plaintiffs correctly point out in their opposition brief—that "[w]hile the Second Amended Complaint does not invoke the language of 'managerial agent' to describe Crespo, it does sufficiently allege enough facts to show that, given the context of a small, family restaurant, Crespo had the capacity to substantially formulate and determine the financial policy of the restaurant" [Dkt. 9 at 15].

Further, the FLSA statute of limitations does not bar Plaintiffs' claims against Crespo under that statute.  The FLSA "imposes a two-year statute of limitations, extending to three years for willful violations."  Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 46 (1st Cir. 2013).  Here, Plaintiffs have alleged that Crespo, along with the other Defendants, willfully violated the FLSA; to wit, by alleging that Defendants failed to pay them overtime wages and failed to post the required FLSA poster.  This allegation is sufficient to trigger the three-year statute of limitations because it provides a basis from which a jury could conclude that Defendants engaged in willful misconduct.

Because Plaintiffs filed their initial complaint in this action on July 28, 2021, they may pursue all FLSA claims against Mr. Crespo that accrued on or after July 28, 2018.  Although the second amended complaint was filed in December 2021, the relation-back doctrine operates to toll the statute of limitations as of the date of the filing of the initial complaint.  Federal Rule of

Civil Procedure 15(c)(1)(C) permits a claim against a newly added party to relate back where "the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out … in the original pleading"; the new party "received such notice of the action that it will not be prejudiced in defending on the merits"; and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Here, each element of the relation-back doctrine is satisfied. The claims brought against Crespo in the second amended complaint arise out of the same facts that Plaintiffs pled in their initial complaint. Further, Crespo had, or should have had, notice of these claims prior to service of the second amended complaint, as he is the manager of 100% Delicias, which was served with the initial complaint. Finally, in granting Plaintiffs leave to amend their complaint to add Crespo as a Defendant, the Superior Court accepted Plaintiffs' argument that they had not discovered until after filing suit that Crespo held a managerial role. Accordingly, at the time Plaintiffs filed suit, Crespo knew or should have known that he would have been named but for Plaintiffs' honest mistake of fact.

Simply stated, the Plaintiffs here have done a more than adequate job meeting their basic pleading requirements for the claims they have alleged. While Crespo may seek to evade this litigation at an early stage, there is no basis for pre-discovery resolution as to Crespo as a defendant at this stage. The nature, scope, and extent of Crespo's managerial role and control over Plaintiffs' employment is an inherently factual inquiry. As such, dismissal at this pre-discovery stage would be inappropriate.

### III.     CONCLUSION

For the reasons set forth above, Defendant Crespo's Motion to Dismiss [Dkt. 5] is **DENIED**. The Court will proceed with the establishment of a scheduling order and timetable for discovery.

**SO ORDERED.**

September 29, 2022                                              /s/ Angel Kelley
                                                                                ANGEL KELLEY
                                                                                U.S. DISTRICT JUDGE